UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID GORDON CANTRELL,

　　　　Plaintiff,

　　v.

WASHINGTON STATE *et al.*,

　　　　Defendants.

Case No. C07-5571BHS/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:**
**February 15, 2008**

　　　　This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Plaintiff has filed a proposed complaint and applied for *in forma pauperis* status (Dkt. # 1).  The complaint was deficient (Dkt # 1).  The court entered an order to show cause why this action should not be dismissed as frivolous and gave plaintiff until January 11, 2008, to respond.  Plaintiff did not respond on the merits and instead sent a letter regarding a number of cases.  Plaintiff asked for more time in each case in the letter (Dkt # 3). The court considered the letter as a motion and denied plaintiff's request (Dkt # 5).

　　　　Mr. Cantrell has filed a number of frivolous actions in the past.  He has also filed actions and then failed to cure defects in his filings.  Mr. Cantrells' failure to cure defects in his filings results in

REPORT AND RECOMMENDATION- 1

his actions being dismissed without prejudice for failure to prosecute. A partial list of Mr. Cantrell's prior actions includes:

| | | |
|---|---|---|
| 1. | 93-CV-1680CRD, | Dismissed pursuant to 28 U.S.C. 1915. |
| 2. | 93-CV-1835WLD, | Dismissed as frivolous. |
| 3. | 93-CV-5424TSZ, | Dismissed without prejudice for failure to prosecute. |
| 4. | 94-CV-0135BJR, | Dismissed as frivolous. |
| 5. | 96-CV-0269WLD, | Dismissed without prejudice for failure to file an amended complaint. |
| 6. | 05-CV-5459RBL, | IFP denied for failure to cure defects in the application, case dismissed without prejudice for failure to pay the filing fee. |
| 7. | 07-CV-5263RBL, | Action dismissed without prejudice for failure to file an amended complaint that stated a cause of action, failure to prosecute, failure to obey a court order. |

In October of 2007, over the course of twelve days, Mr. Cantrell filed a number of documents that appear to be five separate cases. The clerk's office filed those actions under the following cause numbers:

1. 07-CV-5568FDB/JKA
2. 07-CV-5569RJB/KLS
3. 07-CV-5570BHS/KLS
4. 07-CV-5571BHS/JKA
5. 07-CV-5592RBL/KLS

The court has reviewed the proposed "complaint" in this case. Mr. Cantrell has taken the first page of the form complaint used for prisoners to file Civil Rights Actions. He has altered the form. Mr. Cantrell is attempting to file a "criminal inditment [sic]." He names as defendants "Wa State-Witness-Representative Attorney General-DOC ET. AL. EX PARTY RCW #4.12.060 0-1-2." There are no operative facts in the pleading and the sum total of the proposed complaint is this one page document. Mr. Cantrell lacks the authority to file criminal charges.

A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or

REPORT AND RECOMMENDATION- 2

contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Section 1915(e) of the PLRA requires a district court to dismiss an in forma pauperis complaint that fails to state a claim. 28 U.S.C. § 1915; Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998).

Mr. Cantrell's filing fails to state a claim and he did not amend despite being given an opportunity to do so. The Court recommends this action be **dismissed as frivolous with the dismissal counting as a strike pursuant to 28 U.S.C. 1915 (e)(2)(B)(i and ii).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 15, 2008,** as noted in the caption.

DATED this 16 day of January, 2008.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3